## UNITED STATES of America ex rel. H. C. McDONALD, Plaintiff,

v.

## BARNEY WILKERSON CONSTRUCTION CO., R. G. Webb, Inc., and Transamerica Insurance Company, corporations, Defendants.

### Civ. No. 8265.

United States District Court,
D. New Mexico.

Jan. 25, 1971.

J. E. Gallegos, Jones, Gallegos, Snead & Wertheim, Santa Fe, N. M., for plaintiff.

Dan B. Buzzard, Clovis, N. M., for defendant.

## MEMORANDUM OPINION

MECHEM, District Judge.

This suit was filed under the "Miller Act" 40 U.S.C.A. §§ 270a–270e.

McDonald and Wilkerson entered into a contract on January 22, 1968 providing for McDonald to do certain subcontracting work on a housing contract held by Wilkerson at Cannon Air Force Base, New Mexico.

The contract specifically provided for amendment and such amendments were made in writing in the early period of the contract and prior to actual construction.

As was the custom in the industry Wilkerson and his sub-contractors, McDonald among them, erected a variety of

·model structures for the purpose of working out various problems which usually arose in a construction project such as this. As a result of this construction Wilkerson and McDonald again amended their contract in writing to compensate McDonald for extra work necessary to bring the models to acceptable standards. This amendment allowed a specific sum for each unit worked on.

Thereafter work progressed on McDonald's contract. No demand was made on Wilkerson by McDonald for claimed extra work until the contract was almost completely performed. No amendment, adjustment nor increase of the contract price was asked by McDonald for extra work done by him for Wilkerson as required by the contract.

The subcontract contained the usual clause known in the industry as the "extras clause," being Subparagraph 7 of the subcontract which read as follows:

"Extras—No claim for additional compensation, whether on account of extra labor or materials furnished, or otherwise, shall be made or paid unless the same is furnished under a written order signed by Contractor prior to the furnishing of the same and unless Subcontractor shall submit to Contractor within thirty days after the last of such labor or materials was furnished an invoice or invoices covering the same."

It is obvious that McDonald knew what was required to amend the contract as amendments had been made at the inception of the contract and after performance began to the satisfaction of both parties.

It does not appear that McDonald and Wilkerson put any interpretation on the contract for its amendment other than the terms provided therein.

McDonald is therefore barred by the terms of the written contract as made by the parties as to all claims for extra work which was not agreed to in writing.

Count 1 of McDonald's claim seeks recovery under the contract and it is the finding of the Court that he is entitled to the sum of $6,298.24 plus interest at the rate of 6% as provided by statute from June 1, 1969 and to reasonable attorney fees of 15% of the amount of principal and interest due at the time this suit was filed.